The opinion of the Court was delivered by
Colcock, J.
It is stated that the presiding judge instructed the jury, that they were at liberty to give “ smart money” in estimating the damages.[1] In the action of trover, the correct measure of damages is the value of the property, and interest thereon; or if the action be for the conversion of negroes, the value of their labor, in addition to the value of the negroes. It is impossible to determine by what rule the jury have been governed; but from the amount of the verdict, it is highly probable that they were influenced by the charge of the presiding judge ; and I therefore think the defendant entitled to a new trial on this ground: It is further stated by the presiding judge, that he charged the jury that the declarations of the father, at the time he sent the negroes to the plaintiff, should have no weight in their determination, because the plaintiff was not present :[2] and that they should not regard the declarations of the plaintiff, because he might have been ignorant of his right. As the case turned on the question, whether this was a gift or a loan, these circumstances were entitled to consideration,. and were strictly within the rules of law. I do not determine on their effect, but if the jury had not been directed to lay them out of view, it is probable they may have led to a different result. I am, therefore, of opinion that the defendant is entitled to a new trial on this ground also.
The motion is granted. (b)
Grimke and Johnson, JJ., concurred.
Nott and Cheves, JJ., dissented.

 3 Strob. 375; Post. 240.

 See 11 Rich. 370; 7 Rich. 57; 4 Rich. 175; 5 Strob. 46: Harp. 374; 3 Strob. Eq. 371.

 Hatton v. Banks.
Mr. Justice Nott :
“Damages for the detention maybe given, according to the nature of the thing converted or detained; as for instance, for the use of money, the interest may be made the measure of damages, or the value of their labor, in the case of negroes. Buford v. Fannen, 1 Bay, 270. Sometimes the increased value may be added, as was decided in the case of Kidd and Mitchell, in this Court, (post. 334.) The defendant is not to be benefited by his own wrong. Neither can the rights of the plaintiff be affected by the death or destruction of the property, after demand and refusal.”
‘11 would nevertheless observe, that it is, at least, questionable, in my mind, whether these pretended loans ought not always to be construed into absolute gifts, whatever parol condition may be annexed to them.”
Justices Colcock, Johnson, Richardson and Gantt, concurred.
Mr. Justice Huger absent, on account of sickness.
N. B. This case came up on an appeal from the new trial granted in the above case, and was tried May, 1820, Columbia.